**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAHADUR SINGH, | No. 18-70564 |
| Petitioner, | Agency No. A070-967-615 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Bahadur Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his motion to reopen in absentia deportation

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646 F.3d 672, 674 (9th Cir. 2010). We deny the petition for review.

Petitioner's unopposed motion to supplement the administrative record (Docket Entry No. 11) is granted.

In its July 11, 2018, order, the BIA did not abuse its discretion in denying Singh's second motion to reopen as untimely and number-barred, where he filed it more than 21 years after his final administrative order of deportation, *see* 8 U.S.C. § 1229a(c)(7), 8 C.F.R. § 1003.2(c)(2), and he did not present sufficient evidence of due diligence for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

The record does not support Singh's contentions that the BIA ignored evidence or arguments, misstated facts, or made unsupported judgments. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010).

In light of this disposition, we do not reach Singh's remaining contentions regarding ineffective assistance of counsel and his mental state. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**